IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:14-CR-69 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **ASHLEY GRIES,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 2nd day of April, 2018, upon consideration of the correspondence (Doc. 444) filed *pro se* by defendant Ashley Gries ("Gries"), requesting that the court amend the restitution payment schedule entered as part of the judgment (Doc. 359) and establish a set monthly restitution payment rather than a variable schedule calculated based upon Gries's inmate trust fund account balance, (see Doc. 444 at 1); see also 18 U.S.C. § 3664(k), and the court construing Gries's correspondence as a motion to amend the restitution judgment,[1] but finding that Gries articulates no basis to alter said judgment and offers no evidence at all supporting her blanket request that the court reduce the payment schedule, thus

---

[1] In McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010), the Third Circuit held that challenges to the federal Bureau of Prisons' execution of restitution judgments by prisoners enrolled in the Inmate Financial Responsibility Program ("IFRP") are properly raised under 28 U.S.C. § 2241. See McGee, 627 F.3d at 937. However, a motion under 18 U.S.C. § 3664(k) remains the appropriate vehicle for challenging payment schedules imposed by the court or requesting modification thereof. See United States v. Savage, 466 F. App'x 68, 70 (3d Cir. 2012) (nonprecedential). Such appears to be the challenge raised in Gries's instant motion. To the extent Gries disputes the Bureau of Prisons' implementation of the restitution judgment in addition to the amount and method of payment ordered by the court, she must do so by separate petition under 28 U.S.C. § 2241. See McGee, 627 F.3d at 937.

failing to carry her burden under 18 U.S.C. § 3664(k), see Savage, 466 F. App'x at 70, it is hereby ORDERED that Gries's correspondence (Doc. 444) is CONSTRUED as a motion to amend judgment and modify restitution payments pursuant to 18 U.S.C. § 3664(k) and is DENIED as so construed, without prejudice to Gries's right to file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 to the extent she disputes the Bureau of Prisons' implementation of the court's restitution order.

    /S/ CHRISTOPHER C. CONNER  
Christopher C. Conner, Chief Judge  
United States District Court  
Middle District of Pennsylvania